**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 99-4352

TYRONE MOODY,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-99-34-F)

Submitted: December 22, 1999

Decided: February 8, 2000

Before MURNAGHAN, WILKINS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Jennifer May-Parker, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tyrone Moody appeals the district court's revocation of his super-vised release term and its imposition of a twenty-four-month prison sentence, based upon Moody's violation of the terms and conditions of his supervised release. Finding no error, we affirm.

Moody pled guilty to bank robbery on September 7, 1994, and was sentenced to thirty-five months imprisonment, followed by thirty-six months of supervised release. Moody completed his term of imprison-ment and began his term of supervised release on May 20, 1997. On May 18, 1999, the government filed a petition to revoke Moody's supervised release, citing four violations. At the supervised release revocation hearing, Moody admitted to the first and third violations, but denied the second and fourth. The district court found that Moody had committed all four of the violations alleged by the government and revoked his supervised release. The court found that the range of imprisonment was four to ten months, based on a Grade C offense and a criminal history category II. The court concluded that, after considering the policy statements contained in Chapter Seven of the Sentencing Guidelines, it would impose a sentence of twenty-four months. Moody appeals.

This court reviews the district court's decision to revoke a defen-dant's supervised release for an abuse of discretion. See United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a prepon-derance of the evidence. See 18 U.S.C. § 3583(e)(3) (1994). Here, Moody admitted to two of the four violations alleged in the petition to revoke his supervised release. Accordingly, the district court did not abuse its discretion in revoking his supervised release. Because Moody's underlying conviction was for a Class C felony, the statu-tory maximum sentence upon revocation of his supervised release was two years incarceration. See 18 U.S.C.§ 3583(e)(3).

2

Pursuant to U.S. Sentencing Guidelines Manual § 7B1.4(a) (1998), the imprisonment range for a defendant convicted of a Class C felony with a criminal history Category II is four to ten months. The Chapter 7 policy statements, however, are not binding. See United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995). If the court has considered the relevant factors and the applicable policy statements, the court has the discretion to impose a sentence outside the ranges set out in the sentencing guidelines. See id. at 642-43. The transcript reveals that the district court sufficiently considered the relevant factors and policy statements in imposing the sentence. See Davis, 53 F.3d at 642 ("A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if . . . the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling.").

Because Moody's sentence does not exceed the statutory maximum under 18 U.S.C. § 3583(e), this court reviews the sentence only to determine whether it is "plainly unreasonable." See 18 U.S.C. § 3742(a)(4) (1994). Given the facts of this case and the nature of Moody's conduct, we cannot say that the twenty-four-month sentence imposed by the district court was plainly unreasonable.

Therefore, we affirm the district court's order revoking Moody's supervised release and imposing a twenty-four month sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED